**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

LIDIA HERNANDEZ DURAN,

          Petitioner,

          v.

KRISTI NOEM, *et al.*,

          Respondents.

Case No. 3:26-cv-00193-RFB-CSD

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Lidia Hernandez Duran's Petition for Writ of Habeas Corpus, which she filed pursuant to 28 U.S.C. § 2241. See generally ECF No. 1 [hereinafter, "Petition"]. Through it, she challenges the lawfulness of her ongoing detention at Washoe County Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Respondents are detaining Petitioner without providing an opportunity for release on bond, despite an immigration judge ("IJ") finding she does not present a danger or flight risk, as they assert that she is subject to 8 U.S.C. § 1225(b)(2)(A). See ECF No. 9 at 2 [hereinafter, "Opposition"]. Petitioner argues that her detention violates: (i.) the Immigration and Nationality Act ("INA"); (ii.) the procedural component of the Fifth Amendment's Due Process Clause; and (iii.) the substantive component of the Fifth Amendment's Due Process Clause. See Petition at 9–16.

In turn, Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention. See generally Opposition. This Court is well acquainted with Respondents' interpretation of the INA, as the Court has repeatedly, and decisively, rejected it as unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090, at *1 n.1 (D. Nev. Feb. 5, 2026) (collecting cases). Consistent with its prior decisions, the Court finds that Respondents' ongoing detention of Petitioner is statutorily, and constitutionally,

unlawful. Thus, the Court grants Petitioner a writ of habeas corpus and orders Respondents immediately release Petitioner from custody pursuant to the bond set in the alternative by the IJ.

The Court makes the following findings of fact based on the Parties' undisputed factual allegations, the evidence they supply, and Petitioner's factual allegations in the *verified* petition for writ of habeas corpus. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950). Petitioner Lidia Hernandez Duran is a 46-year-old Mexican citizen who entered the country without inspection, admission, or parole around 28 years ago. See Petition at 6; see also ECF No. 9-1 (Petitioner's Record of Inadmissibility/Deportability—*i.e.*, I-213) [hereinafter, "I-213"]. Since then, she has resided continuously within our borders, see Petition at 6, and she has developed significant economic, communal, and familial ties within the United States. See id. at 6; see also ECF No. 1-3 (order of the immigration judge) [hereinafter, "IJ Order"]. On February 17, 2026, Ms. Hernandez Duran was detained by ICE from the Washoe County Jail, as the Sparks Police Department had arrested Petitioner on suspicion of domestic battery, which was later amended to "disturbing the peace." See Petition at 7; see also I-213. Petitioner's charge remains pending to this day. See Petition at 7. When Petitioner was detained by ICE, the Department of Homeland Security ("DHS") launched removal proceedings against her; DHS maintains that Petitioner is removable under 8 U.S.C. § 1182(a)(6)(A)(i) because she is present in the United States without admission or parole as she entered the country without inspection. See Petition at 7–8; see also ECF No. 9-2 (Notice to Appear) [hereinafter "NTA"].

Shortly after she was detained, Petitioner moved for a custody redetermination before the Executive Office of Immigration Review, but her request was denied, as the immigration judge found that they lack jurisdiction over Petitioner's request under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"]. See Petition at 8; see also IJ Order. However, Petitioner asserts that the IJ held in the alternative, if he did have proper jurisdiction, he would have granted bond in the amount of $7,500; Respondents do not dispute this. See Petition at 3; see generally Opposition. Petitioner is currently being detained by Respondents at Washoe County Jail without an opportunity for release on bond. See Petition at 3.

- 2 -

Consistent with its prior decisions, the Court rejects Respondents and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who were arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions—which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F. Supp. 3d ---, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *7–11 (D. Nev. Nov. 24, 2025). Further, the Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id. at *10–18 (Douglas J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-cv-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to Respondents' detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding the due process rights of noncitizens in Petitioner's position; as before, the Court rejects Respondents' extreme interpretation of Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020)—i.e., that all undocumented noncitizens who are present in this country are not entitled to due process under the Constitution. See Escobar Salgado, 2025 WL 3205356, at *22–24; see also generally Padilla v. U.S. Immigr. and Customs Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). To date, Respondents have not asserted that Petitioner is either dangerous or a flight risk. See generally Opposition; cf. also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (explaining that the only legitimate, narrow, non-punitive justifications for civil immigration detention are two regulatory goals: (1) to "ensure[ ] the appearance of [noncitizens] at future immigration proceedings" and (2) to "prevent[ ] danger to the community."). In fact, the immigration court looked at these factors with respect to Petitioner and found that release on bond would be

appropriate if the IJ was found to have jurisdiction to make such a determination. See generally IJ Order; see also Petition at 3. Consistent with its prior decisions, the Court finds that Respondents' civil detention of Petitioner violates her procedural and substantive due process rights; after all, she has not been afforded *any* process which could ensure that her detention is supported by individualized, constitutional justifications. See Escobar Salgado, 2025 WL 3205356, at *22–24.

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, after an IJ has already found Petitioner does not present a danger to the community of flight risk and that release on bond is warranted, Respondents must immediately release Petitioner, subject to the bond conditions originally imposed by the IJ in the alternative. See Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994) ("A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require[.]") (internal quotation marks and citations omitted).

Based on the foregoing **IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion for Preliminary Injunction (ECF No. 2) is **DENIED** as moot.

Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on March 31, 2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ, *i.e.*, release on bond in the amount of $7,500. Federal Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERED** Petitioner be afforded until **April 30, 2026**, to satisfy any monetary bond

conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with this Order by **April 1, 2026.**

Finally, pursuant to Federal Rule of Civil Procedure 25(d), **IT IS FURTHER ORDERED** that the current Secretary of Homeland Security—Markwayne Mullin—is **SUBSTITUTED** for Respondent Kristi Noem. The Clerk of Court is kindly instructed to update the docket accordingly.

The Clerk of Court is further instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 30, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**